IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

DALE W. GRISHEY and
EDWARD R. GRISHEY, JR.,
    Plaintiffs

No. 13-cv-10569 RGS

v.

OCWEN LOAN SERVICING, LLC AND
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE CMLTI ASSET-
BAKCED PASS-THROUGH
CERTIFICATES, SERICES 2007-AMC3
    Defendants

**PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY
INJUNCTION/TEMPORARY RESTRAINING ORDER
TO PREVENT MARCH 15, 2013 FORECLOSURE SALE**

Pursuant to F.R.Civ. P. 65 plaintiffs Dale and Edward Grishey respectfully move for an Order of Court barring the foreclosure sale of their home in Berkley, Massachusetts, scheduled for noon on Friday, March 15, 2013.

1. The Grisheys bring this motion in conjunction with their verified Complaint for injunctive relief and monetary damages alleging violations of Section 504 of the Rehabilitation Act of 1974, the Americans with Disability Act, 29 U.S.C. § 794, and state contract law in connection with an effort by the defendant mortgage servicer and bank to conduct a foreclosure sale of the Grisheys' residence.

2. Defendant Ocwen, as agent for U.S. Bank, approved the Grisheys for a permanent mortgage loan modification in late 2012. Ocwen is proceeding with foreclosure because Ms. Grishey's husband, Dale Grishey, could not meet an arbitrary deadline to sign a final loan modification document for Ocwen.  Plaintiff Dale Grishey is not competent to sign

1

legal documents. Since 1971, he has been a disabled veteran. He now resides at the Veterans Administration hospital in Brockton, Massachusetts. After receipt of the loan modification documents, Ms. Grishey encountered a short delay in obtaining a state probate court order of conservatorshp allowing her to sign the modification documents on behalf of her disabled husband.

3. In their verified Complaint the Grishey's aver, *inter alia,* that Ocwen had an obligation under federal and state laws to make minimal reasonable accommodations in its procedures to allow participation in its federally-funded loan modification program by a disabled obligor on the mortgage note.

4. The facts and legal claims of the Grisheys are set forth in their verified Complaint filed with the Massachusetts Superior Court in Bristol County on March 4, 2012. (Bristol Superior Court No. 13-00205). The averments of the Complaint and its supporting documentation are incorporated herein by reference.

5. Together with their Complaint the Grisheys filed with the Bristol Superior Court a Motion and Memorandum for a Preliminary Injunction/Temporary Restraining Order. By this Motion the Grisheys seek to enjoin a foreclosure sale of their home scheduled for March 15, 2013. The averments, Memorandum, and exhibits constituting the Grisheys' motion for injunctive relief filed March 4, 2013 with the Bristol Superior Court are incorporated herein by reference.

6. The Grisheys' counsel notified counsel for Ocwen and U.S. Bank of these filings by express mail that was delivered the day after filing, on March 5, 2013.

7. Defendant Ocwen is a mortgage loan servicer that for all purposes related to this action acts as agent for defendant U.S. Bank National Association, trustee for an investment trust that owns the Grisheys' loan.

8. On March 5, 2013 the Grisheys caused a sheriff to serve defendant Ocwen with the summons, complaint, and motions and memorandum for injunctive relief in this matter.

9. The Bristol Superior Court scheduled a hearing on the Grisheys' motions for injunctive relief for Tuesday, March 12, 2013 at 3:00 pm.

10. The Grisheys' counsel notified Ocwen's counsel of the March 12 hearing and provided copies of all relevant documents to Ocwen's counsel by certified mail. Ocwen's counsel received these documents on March 5, 2013, as indicated by certified mail receipt. On March 11, 2013 counsel did not return phone calls to discuss the pending hearing set for March 12, 2013.

11. On March 11, 2013 Ocwen's counsel filed a notice of removal of the Grishey's action from the Bristol Superior Court to the U.S. District Court. Although Ocwen's counsel included in its filing a copy of the Grisheys' Complaint, Ocwen did not provide the U.S. District Court with a copy of the pending motion for injunctive relief or mention that the state court had scheduled a hearing for March 12, 2013.

12. Ocwen's counsel did not notify the Grishey's counsel of the removal filing until two hours before the hearing on the Grishey's motion scheduled in state court for the afternoon of March 12, 2013.

13. Because of the removal, the state court no longer has jurisdiction to hear the Grishey's motion for preliminary injunctive relief.

14. Pursuant to 28 U.S.C. § 1446-50, the U.S. District Court now has jurisdiction over the Grisheys' still-pending request for emergency injunctive relief.

15. With this motion, the Grisheys incorporate by reference the averments of their state court complaint, motion for injunctive relief and memorandum, along with all exhibits thereto. Certified copies of all documents from the Bristol Superior Court record are being filed with the U.S. District Court simultaneously with the filing of this motion. These documents constitute the full record from the Bristol Superior Court BRCV2013-00205 and are attached hereto and incorporated herein by reference.

WHEREFORE, plaintiffs Dale and Edward Grishey respectfully pray that this court grant their motion for a Temporary Restraining Order or Preliminary Injunctive to direct defendants to refrain from any action to conduct a foreclosure sale of their home pending further Order of this Court.

Dated at Boston, Massachusetts this 13 day of March 2013.

Sara M. Quinn, Esq.
South Coastal Counties Legal Services, Inc.
22 Bedford Street, First Floor
Fall River, MA 02720
Tel. (508) 676-6265
Attorney for Plaintiffs
Dale and Edward Grishey, Jr.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

DALE W. GRISHEY and
EDWARD R. GRISHEY, JR.,
    Plaintiffs

No. 13-cv-10569 RGS

v.

OCWEN LOAN SERVICING, LLC AND
U.S. BANK NATIONAL ASSOCIATION,
    Defendants

## CERTIFICATION OF SERVICE

I, Sara M. Quinn, Esq., of South Coastal Counties Legal Services, Inc., certify that on March 13, 2013 I caused to be delivered by hand and by first class mail postage pre-paid a true and correct copy of the Plaintiffs' Renewed Motion for Temporary Restraining Order/Preliminary Injunction to Prevent March 15, 2013 Foreclosure Sale upon counsel for defendants Ocwen Loan Servicing LLC and U.S. Bank National Association, as Trustee for the CMLTI Asset-Backed Pass-Through Certificates Series 2007-AMC3 at the address indicated below:

    Richard C. Demerle, Esq.
    Paul Michienzie
    754 Boyleston Street
    Boston, MA 02116

Dated at _Boston_, Massachusetts this 13th day of March 2013.

    Sara M. Quinn, Esq.
    South Coastal Counties Legal Services, Inc.
    22 Bedford Street, First Floor
    Fall River, MA 02720
    Tel. (508) 676-6265
    Attorney for Plaintiffs
    Dale and Edward Grishey, Jr.